```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
            SPARTANBURG DIVISION
```

| | |
|---|---|
| Tracy Liggett, | Case No. 7:16-cv-04011-HMH-JDA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Fifth Third Mortgage, Freddie Mac, John Does 1–3, | |
| Defendants. | |

This matter is before the Court on a motion to dismiss filed by Defendants Fifth Third Mortgage and Freddie Mac. [Doc. 16.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases involving litigation by individuals proceeding pro se and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed this action on December 28, 2016, alleging violations of the Truth in Lending Act ("TILA") and seeking an injunction to require Defendants to comply with a rescission of a loan and to prevent Defendants from taking any affirmative action related to a property sale or to enforce a loan contract. [Doc. 1.] On March 31, 2017, Defendants Fifth Third Mortgage and Freddie Mac filed a motion to dismiss pursuant to Rule 12(b)(6), arguing Plaintiff's claims are waived because she failed to raise them as compulsory counterclaims in a state foreclosure action, are precluded under the doctrines of res judicata and collateral estoppel, and fail to state a claim upon which relief may be granted. [Doc. 16.] On April 3, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised to respond to the motion and of the possible consequences if she failed to adequately respond. [Doc. 20.] Plaintiff filed

a response in opposition to the motion to dismiss on May 15, 2017. [Doc. 26.] Fifth Third Mortgage and Freddie Mac filed a reply on May 30, 2017, in which they also argue the Anti-Injunction Act prohibits this Court from issuing an injunction in the state foreclosure action and divests this Court of subject matter jurisdiction.[1] [Doc. 32.] Accordingly, the motion is ripe for review.

**BACKGROUND**

Plaintiff asserts that on November 10, 2016, she sent a rescission letter dated November 7, 2016, to Defendants regarding a loan allegedly secured by real property located at 225 Perry Road in Greer, South Carolina. [Docs. 1 ¶¶ 7–8; 1-1.] The basis for Plaintiff's rescission is violation of the TILA, "including but not limited to the unlawful failure to give timely and proper notices required under TILA." [Doc. 1-1.] Plaintiff further asserts that mailing the rescission letter cancelled the loan contract, which is now rendered void, and that Defendants have failed and/or refused to perform their duties under the TILA. [Doc. 1 ¶¶ 10–16.] Plaintiff contends Defendants continue to pursue a wrongful foreclosure action and are or may be "proceeding with a judicial sale of the property despite the prohibition imposed by TILA." [*Id.* ¶¶ 21–22.]

---

[1]Because the Anti-Injunction Act, when applicable, divests federal courts of subject matter jurisdiction, *Liberty Univ., Inc. v. Lew*, 733 F.3d 72, 87 (4th Cir. 2013), and challenges to subject matter jurisdiction should be brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court treats the pending motion to dismiss as having been brought under both Rules 12(b)(1) and 12(b)(6). Moreover, because challenges to subject matter jurisdiction may be addressed at any time in a civil action, the Court will address this argument even though it was raised in the reply. The Court notes that Fifth Third Bank and Freddie Mac consented to Plaintiff's filing a sur-reply in response to the jurisdictional challenge [Doc. 32 at 2 n.1]; however, Plaintiff elected not to file a sur-reply.

2

Regarding the foreclosure action, Fifth Third Mortgage initiated a foreclosure action against Plaintiff in the Spartanburg County Court of Common Pleas on June 30, 2016. [Doc. 16-4.] On December 1, 2016, a Master's Order and Judgment of Foreclosure and Sale (the "Foreclosure Order") was entered in the foreclosure action. [Doc. 16-8.] The property was sold pursuant to the Foreclosure Order on January 3, 2017; however, on January 5, 2017, an Order Vacating Sale was entered in the foreclosure action because Plaintiff had filed a Chapter 13 petition in the United States Bankruptcy Court on January 3, 2017. [Doc. 16-12.] The Order Vacating Sale ordered that Fifth Third Mortgage may sell the property at foreclosure sale if the bankruptcy is concluded. [*Id.*] Plaintiff has appealed the Foreclosure Order. [Doc. 16-10.]

In Count I of her Complaint, Plaintiff seeks a temporary and permanent injunction enjoining Defendants "from any use of any document, claim or instrument referenced as rescinded or cancelled in the subject Notice of Rescission, grant[ing] attorney's fees and costs, and grant[ing] such further relief as this Court may deem just and proper." [Doc. 1 at 4.] In Count II of her Complaint Plaintiff seeks a mandatory injunction requiring Defendants "to return the cancelled original note to Plaintiff, to file any documents required to release any claim of encumbrance or lien arising out of the loan contract referenced in the Notice of Rescission, and grant[ing] the Plaintiff attorney's fees, expenses and costs of this action and grant[ing] such other relief as the Court may deem just and proper . . . ." [*Id.* at 6.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe her pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standards**

*Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed.R.Civ.P. 12(b)(1). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court

4

may consider undisputed facts and any jurisdictional facts that it determines. *See id.* The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### *Rule 12(b)(6)*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly,

6

the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2293. "An injunction issued *against parties* to a state court proceeding is, for purposes of the Act, considered an injunction to stay the state court proceeding itself." *In re MI Windows and Doors, Inc., Prods. Liab. Litig.*, 860 F.3d 218, 224 (4th Cir. 2017) (citing *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)).

Here, Plaintiff seeks injunctive relief against Defendants with respect to the loan that is the subject of the state court foreclosure action. As stated, Plaintiff seeks (1) to enjoin Defendants from any use of the mortgage loan, note, and security interest and (2) to require Defendants to return the original note to Plaintiff and to file documents required to release any claim arising out of the loan contract. Although Plaintiff does not specifically request an injunction to stay proceedings in state court, the relief Plaintiff seeks amounts to a stay of the state foreclosure action and/or prohibits Fifth Third Mortgage from complying with the Foreclosure Order. *See Atl. Coast Line R.R.*, 398 U.S. at 287 (finding that the Anti-Injunction Act "cannot be evaded" by framing an injunction as a restraint on a party rather than directly on the state court). None of the exceptions defined in the Anti-

7

Injunction Act applies here. Thus, the relief Plaintiff seeks is barred by the Anti-Injunction Act, and Plaintiff's claims must be dismissed.[2]

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Defendants Fifth Third Mortgage and Freddie Mac's motion to dismiss be GRANTED and this case be DISMISSED.

IT IS SO RECOMMENDED.

                                              s/Jacquelyn D. Austin
                                              United States Magistrate Judge

August 14, 2017
Greenville, South Carolina

---

[2] Because the Court lacks subject matter jurisdiction over this case, the undersigned declines to address the remaining arguments asserted by Fifth Third Mortgage and Freddie Mac. Moreover, although the John Doe Defendants have not moved to dismiss this case and indeed, the docket does not indicate whether the John Doe Defendants have been served, because the Court lacks subject matter jurisdiction over Plaintiff's claims, the entire case should be dismissed.