IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Tracy Liggett, | ) | C.A. No. 7:16-4011-HMH-JDA |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Fifth Third Mortgage, Freddie Mac, John Does 1-3, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Tracy Liggett ("Liggett"), proceeding pro se, alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, and seeks an injunction requiring Defendants to comply with a rescission of a loan, preventing Defendants from taking any affirmative action related to a property sale or enforcement of the loan contract. (R&R 1, ECF No. 33.)  Magistrate Judge Austin recommends granting the Defendants' motion to dismiss.  After review, the court adopts the magistrate judge's Report and Recommendation and grants the Defendants' motion to dismiss.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

Liggett filed objections to the Report and Recommendation on September 11, 2017.[2] Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Liggett's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate her claims. However, the court was able to glean one specific objection.

Liggett objects that the magistrate judge erred in finding that the court did not have subject matter jurisdiction. (Objs. 4, ECF No. 40.) Specifically, Liggett argues that the TILA provides injunctive relief. (Id., ECF No. 40.) However, the Anti-Injunction Act prohibits a federal court from granting an injunction "to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "An injunction issued *against parties* to a state court proceeding is, for purposes of the Act, considered an injunction to stay the court proceeding itself." In re MI Windows and Doors, Inc., Prods. Liab. Litig., 860 F.3d 218, 224 (4th Cir. 2017) (citing Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287 (1970)). In the instant case, Liggett seeks injunctive relief against Defendants with respect to a loan that is the subject of a state court foreclosure action. (R&R 7, ECF No. 33.) Further, in the

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

2

state court foreclosure action, Liggett seeks in essence an injunction to stay the foreclosure action and/or prevent foreclosure. Thus, the court lacks subject matter jurisdiction over this case. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendants' motion to dismiss, docket number 16, is granted. It is further

**ORDERED** that all pending nondispositive motions are dismissed as moot.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 14, 2017

## NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.